UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG A. CHAN, *et al.*,<br><br>            Plaintiffs,<br>v.<br><br>MARC COREY CHANCELOR, *et al.*,<br><br>            Defendants. | Civil No. 09-cv-01839 JAH-NLS<br><br>**ORDER GRANTING (1) MOTION TO STRIKE REQUEST FOR PUNITIVE DAMAGES AND (2) MOTION TO EXPUNGE *LIS PENDENS*, FILED BY DEFENDANT AURORA LOAN SERVICES LLC**<br><br>[Docs. 219, 220] |

Presently before the Court are two motions filed by Defendant Aurora Loan Services LLC k/k/a Aurora Loan Services, Inc.'s ("Aurora"): (1) Motion to Strike Request for Punitive Damages from Plaintiffs' First Amended Complaint ("FAC") (Doc. 220), and (2) Motion to Expunge *Lis Pendens* (Doc. 219). For the following reasons, the motions are **GRANTED**.

**I.**

**BACKGROUND**

On or about April 2006 to July 2007, Plaintiffs invested in various projects, including the condominium units in the Grand Reserve at Kirkman Park. (FAC ¶ 110.) Plaintiffs allege that money deposits, purchase agreements, and loan applications were executed to purchase the properties for rental and vacation residences. (FAC ¶ 111.) Plaintiffs claim to have been convinced by Defendants Chancelor and Tassi in that they would be receiving numerous benefits from the purchasing deal,

1

including up-front cash back, payment of annual property taxes, payment of homeowner association dues, assured rental income, property management services, and a one year home warranty. (FAC ¶ 114.)

Plaintiffs allege that various financial institutions, including Aurora, were preselected by Defendants Chancelor and Tassi and preapproved the purchasing deal. (FAC ¶ 117.) On or about March and May of 2007, Aurora serviced the loans of Darin E. and Blessing S. Krug, Alvernist M. Hoskins and Lynn Brown, and Rovert Dunham. (*See* Request for Judicial Notice, Exs. 1-4.) Plaintiffs allege that Defendants Chancelor and Tassi neglected to advise them of the details of the purchase and its accompanying loans. (FAC ¶ 116.) Plaintiffs also allege Defendants Chancelor and Tassi failed to pay the property taxes, homeowners' association dues, and failed to make the upfront payments to Plaintiffs. (FAC ¶ 124-125, 127, 128.) The Krugs, Hoskins, and Brown defaulted on their loans serviced by Aurora, and foreclosure actions were initiated on the Florida investment properties. (FAC ¶ 89.) Aurora, among others, is claimed to have benefitted from the deal by "receiv[ing] higher commissions from the higher loan balances and higher prices on the sales of condominium units." (FAC ¶ 135.) Plaintiff alleges Aurora knowingly committed fraudulent, oppressive, and malicious acts against the Plaintiffs when servicing such loans.

On August 5, 2010, Plaintiffs filed the FAC in this action. On August 19, 2010, Aurora filed the instant Motion to Strike Request for Punitive Damages pursuant to Federal Rule of Civil Procedure 12(f), on the ground that Plaintiffs failed to satisfy the pleading burden for punitive damages under the law. (Doc. 220.) Plaintiffs filed an opposition to the motion on October 4, 2010. (Doc. 251-4.) Aurora replied to Plaintiffs' response on October 11, 2010. (Doc. No. 268.) On August 19, 2010, Aurora filed the instant Motion to Expunge *Lis Pendens*. (Doc. 219.)

## II.

## LEGAL STANDARDS

### A. Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In ruling upon a motion to strike, just as with a motion to dismiss, the court must view the pleadings in a light most

favorable to the nonmoving party. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

The purpose of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (citation omitted).  However, courts often view motions to strike with disfavor, and therefore will not grant a motion to strike "unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted); *see also Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). The court should deny the motion to strike if "there is any doubt as to whether the allegations might be an issue in the action." *In re 2TheMart.com*, 114 F. Supp. 2d at 965 (citing *Fantasy*, 984 F.2d at 1527) (emphasis in original).

Under § 3294(a) of the California Civil Code, punitive damages may be awarded "in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant is guilty of fraud, oppression or malice..." Cal. Civ. Code § 3294(a). "While exemplary damages need not be demanded by that name in the complaint, it is necessary that the facts justifying a recovery of such damages be pleaded." *Belm v. Patrick*, 109 Cal. App. 599, 607 (1930).  Under § 3294(b), a corporate employer shall not be liable for punitive damages unless there exists "advance knowledge" or "conscious disregard, authorization, ratification or act of oppression, fraud, or malice" on the part of an officer, director, or managing agent of the corporation. Cal. Civ. Code § 3294(b). "Fraud" is defined as an "intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code § 3294(c)(3).

**B.     Motion to Expunge *Lis Pendens***

In order to succeed on their notices of pendency of action (*Lis Pendens*), Plaintiffs must prove the existence of a real property claim based on the allegations in the FAC. *Urez Corp. v. Superior Court*, 190 Cal. App. 3d 1141, 1149 (1987).  Specifically, the claimant under California *Civil Procedure Code* § 405.32 must establish "the probable validity" of the real property claim "by a preponderance of

the evidence." Pursuant to section 405.31, "the court shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim."

## III.
## DISCUSSION

### A.  Motion to Strike

Here, Plaintiffs have not met the California Civil Code § 3294 standard for punitive damages because the FAC is devoid of factual support necessary to justify such a recovery. Plaintiffs' FAC fails to allege advance knowledge, conscious disregard, or authorization or ratification of oppression, fraud, or malice by any Aurora official. Instead, the FAC groups several defendants together while never specifying the name or position of any Aurora official said to be engaged in any alleged wrongdoing. Furthermore, Plaintiffs' opposition to Aurora's motion to strike punitive damages also falls short of adequately supporting a claim for such damages. Plaintiffs provide no facts to support a plausible inference to the conclusory statement that Aurora was "fully aware of what they were doing and how they were facilitating the misuse of the lending process." (Doc. 251-4 at p. 3.) Instead, Plaintiffs refer to several paragraphs in the FAC which are supposedly supported by exhibits in the Complaint. These exhibits, however, also fail to make reference to any Aurora official.

Plaintiffs have not alleged a single fact tending to show that any Aurora officer, director, or managing agent took any action amounting to authorization or ratification of the alleged misconduct or had knowledge of the unfitness of any employee. Accordingly, the Court grants Aurora's Motion to Strike Request for Punitive Damages.

### B.  Motion to Expunge *Lis Pendens*

As the Court determined in its Order on the motions to dismiss, Plaintiffs fail to establish the existence of any claim against Aurora, let alone a valid real property claim as required under *Code of Civil Procedure* §§ 405.31 and 405.32. Accordingly, the Court grants Aurora's Motion to Expunge *Lis Pendens*.

## IV.
## CONCLUSION

For the reasons set forth above, Defendant's motion to strike and motion to expunge *Lis Pendens* are **GRANTED**, with leave to amend. Plaintiffs have thirty (30) days to submit an amended Complaint correcting the deficiencies noted herein. Failure to do so will result in the Court's dismissal of this case.

**IT IS SO ORDERED.**

DATED: November 28, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge