1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12  CRAIG A. CHAN, et al.,                    )   Civil No.09cv1839 AJB (CAB)
                                             )
13               Plaintiff,                  )
                                             )   **ORDER GRANTING DEFENDANTS'**
14  v.                                       )   **MOTIONS TO DISMISS PLAINTIFFS'**
                                             )   **FIRST AMENDED COMPLAINT**
15  MARC COREY CHANCELOR, et al.,            )
                                             )   [Docs. 216, 217, 218, 222, 225, 227, 228,
16               Defendants.                 )   236]
    _____)

17
18
19

    Presently before the Court are eight motions to dismiss Plaintiffs' First Amended Complaint

    ("FAC"), filed by the following Defendants:

20      1.   Citimortgage, Inc. ("Citi") (Doc. 216);

21      2.   Wells Fargo Bank N.A., Wells Fargo Home Mortgage, and America's Servicing Com-
22           pany (collectively, "Wells Fargo") (Doc. 217);

23      3.   Aurora Loan Services LLC ("Aurora") (Doc. 218);

24      4.   SunTrust Mortgage, Inc. ("SunTrust") (Doc. 222);

25      5.   Barclays Capital Real Estate Inc., sued as HomEq Serving Corp. ("HomEq") (Doc. 225)

26      6.   The Grand Reserve at Kirkman Parke Condominium Association ("Grand Reserve")
27           (Doc. 227);

28

                                             1

7.      Chase Home Finance LLC and JPMorgan Chase Bank, N.A. (collectively, "Chase")
(Doc. 228); and

8.      UBS AG ("UBS") (Doc. 236).

For the reasons discussed below, the Court **GRANTS** all eight motions to dismiss.

## I.

## BACKGROUND

This case involves several dozen Plaintiffs and several dozen Defendants.[1] Plaintiffs are "individual consumers who were purchasing vacation properties in various developments sold in the South Florida area." (FAC ¶ 89.) Defendants allegedly "caused Plaintiffs to enter into predatory mortgage loans, which ultimately had no reasonable, tangible economic benefit for the Plaintiffs and have left them facing foreclosure." (*Id.*) Plaintiffs purchased the properties between April 2006 and July 2007. (*Id.* ¶ 110.)

Plaintiffs' FAC alleges thirteen causes of action: (1) Respondeat Superior, (2) Real Estate Settlement and Procedures Act ("RESPA"), (3) Truth in Lending Act ("TILA"), (4) Fair Debt Collection Practices Act and Rosenthal Fair Debt Collection Practices Act ("FDCPA"), (5) Fraud, (6) Civil Conspiracy, (7) Negligent Misrepresentation, (8) Breach of Fiduciary Duties, (9) Aiding and Abetting Breach of Fiduciary Duties, (10) Aiding and Abetting Fraud, (11) Conversion, (12) Injunctive Relief, and (13) Declaratory Relief. Defendants filed the instant motions to dismiss between August and September 2010.[2]

## II.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings, and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).   The court may dismiss a

---

[1] Going forward, for purposes of this Order, "Defendants" will refer only to the eight Defendants that filed the instant motions to dismiss, rather than all Defendants in the action.

[2] Some Defendants have alternatively moved for a more definite statement, should their motions to dismiss be denied. Because the Court is granting the motions to dismiss, it need not address the motions for a more definite statement.

09cv1839

complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal*., 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).  However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009).  It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1929.  The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party.  *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (citations omitted).

### III.

### DISCUSSION

As a general matter, Defendants contend that the FAC lacks specificity, and in many instances, it is entirely unclear how any particular Defendant was involved in the alleged wrongdoing. The Court agrees that the FAC is vague and conclusory in numerous respects. Without more specific facts, it appears devoid of any merit or substance with regard to these Defendants. Additionally, the Court notes that because Plaintiffs have failed to allege that they tendered the amounts due on the loans in question prior to filing their lawsuit, they are barred from bringing this action. *See, e.g.*, *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578-80 (Cal. Ct. App. 1984); *Saldate v. Wilshire Credit Corps*., 686 F. Supp. 2d 1051, 1060-61 (E.D. Cal. 2010).

Each cause of action is addressed in turn below.

**A.     Respondeat Superior**

Plaintiffs' first cause of action is for respondeat superior, claiming that the developers[3] who sold them the properties were under Defendants' employment, and Defendants are therefore liable for any torts they committed. (FAC ¶ 154-62.) However, respondeat superior is not an independent claim. *See, e.g.*, *Brooks v. District of Columbia*, 2006 WL 3361521, *6 (D.D.C. Nov. 20, 2006) ("It is clearly-established law that respondeat superior is not a separate cause of action."). Rather, it is a doctrine that imposes liability on an employer for torts committed by an employee within the scope of employment. *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1163 (9th Cir. 2005); *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 208 (1991).

Plaintiffs do not sufficiently allege an employment or agency relationship, or that the alleged misconduct took place within the scope of such a relationship. The FAC does not contain facts supporting that the developers were or could reasonably have been the employees of these various Defendants. It is not enough to state conclusorily that they were employees acting within the course and duties of their employment. It also seems unlikely that they could have been employed by all Defendants at the same time, as Plaintiffs claim. If anything, the lenders seemingly were providing a service to the developers by agreeing to offer financing for the projects, not vice versa.

Further, Defendants cannot be vicariously liable for the acts of an independent agent over whom they did not exercise control, and there are no allegations demonstrating that Defendants exercised control over the developers. *See Privette v. Superior Court*, 5 Cal. 4th 689, 693 (1993). Finally, as several Defendants noted in their briefing, the allegations of the FAC itself refute the respondeat superior claim: according to the narrative, it was the developers who allegedly marketed and packaged the scheme at issue, and the banks were only consulted *later* about financing. (FAC ¶ 95, 96, 117.) For all of these reasons, the Court GRANTS Defendants' motions to dismiss as to this claim. The first cause of action is dismissed with leave to amend.

**B.    RESPA**

Plaintiffs' second cause of action is for violation of RESPA with respect to alleged misconduct regarding the loan transactions. (FAC § 167.) Once again, the FAC lacks sufficient facts to establish how each Defendant engaged in any misconduct. Regardless, there is no private right of action for

---

[3] Specifically, Chancelor and Tassi, who are also Defendants in this action.

alleged RESPA disclosure violations. *See, e.g.*, *Bloom v. Martin*, 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994) ("The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations."). Plaintiffs' RESPA disclosure claims therefore fail.

To the extent Plaintiffs attempt to allege any RESPA claims unrelated to disclosure violations, those claims are time-barred. Because Plaintiffs' alleged RESPA violations are brought under 12 U.S.C. § 2607 (*see* FAC § 167), the claims must be brought within one year of the occurrence of the violation. *See, e.g.*, *Bloom*, 865 F. Supp. at 1386; *Walker v. Equity 1 Lenders Group*, 2009 WL 1364430 at *5 (S.D. Cal., May 14, 2009). The one-year limitations period runs from the date of the occurrence of the violation, which is the date on which the loan closed. *Kay v. Wells Fargo & Co. N.A.*, 2007 WL 2141292 at *2 (N.D. Cal., July 24, 2007.) Here, Plaintiffs' loans closed when they invested in the various projects, between April 2006 and July 2007. (FAC § 110.) However, their initial Complaint was filed more than two years later and is therefore untimely.

Moreover, Plaintiffs have not pled facts that might toll the statute of limitations. Plaintiffs state only that "[t]he statute of limitations on RESPA has not tolled due to [Defendants'] fraudulent conduct, including but not limited to their fraudulent concealment." (FAC § 98 at p. 36.) To allege fraudulent concealment, Plaintiffs must plead with particularity the circumstances of the concealment and the facts supporting their due diligence. *See Conmar Corps. v. Mitsui & Co.* (U.S.A.), Inc., 858 F.2d 499 502 (9th Cir. 1988). Here, however, Plaintiffs have alleged no particular conduct by Defendants to support fraudulent concealment regarding their RESPA claims, nor any facts demonstrating that Plaintiffs could not have discovered the alleged RESPA violations by exercising due diligence. Without more, their equitable tolling argument fails.

Finally, with regard to § 2605(e), Plaintiffs allege no facts demonstrating that the alleged correspondences they sent constituted qualified written requests for information ("QWRs") under RESPA. For all of these reasons, the Court GRANTS Defendants' motions to dismiss as to this claim. The second cause of action is dismissed with leave to amend.

## C. TILA

Plaintiffs' third cause of action is for violation of TILA. (FAC §§ 172-74.) Like the RESPA claim, this claim is barred by the statute of limitations. Under 15 U.S.C. § 1640(e), an action for

1  damages under TILA must be brought within one year of the alleged violation. *See, e.g.*, *Eubanks v.*

2  *Liberty Mortgage Banking, LTD*, 976 F. Supp. 171, 174 (E.D.N.Y. 1997). The violation occurs and the

3  one-year limitation period accrues upon commencement of the loan. *Betancort v. Countrywide Home*

4  *Loans, Inc.*, 344 F. Supp. 2d 1253, 1258 (D. Colo. 2004).

5      Here, Plaintiffs' loans commenced between April 2006 and July 2007. (FAC § 110.) Because

6  Plaintiffs' initial Complaint was filed more than two years later in August 2009, their TILA claim is

7  barred by the statute of limitations. Further, Plaintiffs have failed to plead any facts to support equitable

8  tolling. The Court therefore GRANTS Defendants' motions to dismiss as to this claim. The third cause

9  of action is dismissed with leave to amend.

10  **D.    FDCPA**

11      Plaintiffs' fourth cause of action is for violation of the FDCPA against Defendants Citi and

12  Chase. (FAC §§ 178-80.) However, this claim fails because Defendants are not considered debt

13  collectors or engaged in debt collecting under the FDCPA. An entity is not deemed a debt collector

14  under the FDCPA if the debt it seeks to collect was not in default at the time it obtained an interest.

15  *Bailey v. Sec. Nat'l Servicing Corps.*, 154 F.3d 384, 387 (7th Cir. 1998). Further, the act of foreclosing

16  upon a property pursuant to a deed of trust cannot be the basis of an FDCPA claim. *See Hulse v. Ocwen*

17  *Fed. Bank*, 195 F. Supp. 2d 1188, 1203 (D. Or. 2002); *Heinemann v. Jim Walter Homes, Inc.*, 47 F.

18  Supp. 2d 716, 722 (D. W. Va. 1998). Plaintiffs therefore cannot state a claim under the FDCPA based

19  upon a lender enforcing its security interest under a deed of trust. The Court GRANTS Defendants Citi's

20  and Chase's motions to dismiss as to this claim. Because it fails as a matter of law, the fourth cause of

21  action is dismissed *with prejudice*.

22  **E.    Fraud**

23      Plaintiffs' fifth cause of action is for fraud. A plaintiff "must state with particularity the

24  circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Vess v. Ciba-Geigy Corps. USA*, 317 F.3d

25  1097, 1106-1107 (9th Cir. 2003) (stating that a plaintiff must include "the who, what, where, when and

26  how" of the fraud). Where the fraud claim is against a corporation, the plaintiff's burden is "even

27  greater," *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (Cal. 1996), and the complaint must set forth

28  "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to

whom they spoke, what they said or wrote, and when it was said or written," *Tarmann v. State Farm*

*Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (Cal. Ct. App. 1991). Additionally, "Where multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." *Castaneda v. Saxon Mortgage Services, Inc.*, 2009 WL 4640673 at *6 (E.D. Cal., Dec. 3, 2009).

Here, Plaintiffs' FAC entirely lacks the requisite particularity for a fraud claim. It lumps Defendants' names together, makes vague and conclusory statements regarding alleged fraudulent conduct, and fails to include any allegations specific to the "the who, what, where, when and how" of the alleged fraud. It is unclear what any Defendant did that allegedly defrauded Plaintiffs. Defendants cannot be expected to defend themselves based on such inadequate notice of what they are alleged to have done. Due to this utter lack of specificity, the Court GRANTS Defendants' motions to dismiss as to this claim. The fifth cause of action is dismissed with leave to amend.

**F.     Civil Conspiracy**

Plaintiffs' sixth cause of action is for civil conspiracy to commit fraud. It is derivative of Plaintiffs' underlying fraud claim and thus fails for the same reasons. Conspiracy is "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510 (Cal. 1994). Conspiracy is not a separate claim for relief, but rather a theory of vicarious liability under which certain defendants may be held liable for torts committed by others. However, when the plaintiff fails to allege a viable underlying tort, the mere allegation of a conspiracy is irrelevant and does not suffice to state a cause of action. *Ernest Investors 8 v. Whitehall Real Estate Ltd. Partnership XI*, 100 Cal. App. 4th 1102, 1105-07 (Cal. Ct. App. 2002).

As discussed above, Plaintiffs do not allege sufficient facts to maintain their fraud claim against Defendants. Because that cause of action fails to state a claim, the derivative conspiracy claim necessarily fails as well. Moreover, Plaintiffs have failed to plead with any particularity the elements of civil conspiracy. *See Kidron v. Movie Acquisition Corps.*, 40 Cal. App. 4th 1571, 1581 (Cal. Ct. App. 1995). The Court therefore GRANTS Defendants' motions to dismiss as to this claim. The sixth cause of action is dismissed with leave to amend.

**G.     Negligent Misrepresentation**

Plaintiffs' seventh cause of action is for negligent misrepresentation. The elements of negligent misrepresentation are the same as intentional fraud with the exception of the requirement of scienter. *Melican v. Regents of University of California*, 151 Cal. App. 4th 168, 181-82 (Cal. Ct. App. 2007). Like a claim for intentional fraud, a claim for negligent misrepresentation must meet the particularity requirement of Rule 9(b). *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).

Here, as with their fraud claim, Plaintiffs' claim for negligent misrepresentation fails for lack of specificity. They plead no specific factual allegations regarding any particular misrepresentation made by any particular Defendant. To the contrary, Plaintiffs again lump together the Defendants and make only vague allegations regarding misrepresentation. (FAC §§ 204-214.) The Court therefore GRANTS Defendants' motions to dismiss as to this claim. The seventh cause of action is dismissed with leave to amend.

**H.    Breach of Fiduciary Duties**

Plaintiffs' eighth cause of action for breach of fiduciary duties is not addressed in the instant motions to dismiss because it is not brought against these Defendants.

**I.    Aiding and Abetting Liability**

Plaintiffs' ninth and tenth causes of action are for aiding and abetting the breach of fiduciary duties and aiding and abetting fraud, respectively. However, Plaintiffs once again do not allege sufficient facts to state a claim. To do so, they must allege that Defendants knew that a tort had been or would be committed, and that they acted with the intent of facilitating the commission of the tort. *Gerard v. Ross*, 204 Cal. App. 3d 968, 983 (Cal. Ct. App. 1988). Aiding and abetting liability "requires a defendant to reach a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act." *Howard v. Superior Ct.*, 2 Cal. App. 4th 745, 749 (Cal. Ct. App 1992).

Here, Plaintiffs' allegation that Defendants "continued to issue loans . . . and enforce those that had already been issued" (FAC § 231) does not rise to the level required for aiding and abetting liability. There are no factual allegations supporting that any of these Defendants either had any knowledge of the alleged tortious conduct or consciously sought to assist in the other Defendants' alleged fraud.

Additionally, with respect to the breach of fiduciary duties, it is well established that a lender owes no fiduciary duty to a borrower when the borrower obtains a loan through the course of an ordinary lender/borrower relationship. *See, e.g.*, *Kim v. Sumitomo Bank of California*, 17 Cal. App. 4th 974, 981 (Cal. Ct. App. 1993). Plaintiffs therefore cannot state a claim against any lenders without showing that the relationship was outside the course of an ordinary lender/borrower transaction, which the FAC fails to do.

For these reasons, the Court GRANTS Defendants' motions to dismiss as to these claims. The ninth and tenth causes of action are dismissed with leave to amend.

**J.    Conversion**

Plaintiffs' eleventh cause of action for conversion is not addressed in the instant motions to dismiss because it is not brought against these Defendants.

**K.    Injunctive Relief**

Plaintiffs' twelfth cause of action is for "immediate issuance of a temporary restraining order and preliminary and permanent injunctive relief." However, there is no cause of action for injunctive relief because an injunction is not a separate cause of action, but an equitable remedy. *See Marlin v. Aimco Venezia*, LLC, 154 Cal. App. 4th 154, 162 (Cal. Ct. App. 2007).  Equitable remedies "are dependent upon a substantive basis for liability . . . [and] have no separate viability" if the underlying claims fail. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App 4th 1018, 1023 n.3 (Cal. Ct. App. 2000). On this basis alone, Plaintiffs' claim fails as a matter of law.

Further, for all of the reasons discussed above, Plaintiffs clearly have not demonstrated a likelihood of success on the merits, which is a required element for injunctive relief. *See, e.g.*, *Production Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987). Accordingly, the Court GRANTS Defendants' motions to dismiss as to this claim. The twelfth cause of action is dismissed ***with prejudice***.

**L.    Declaratory Relief**

Plaintiffs' final cause of action is for declaratory relief. Specifically, they seek a declaration regarding the parties' rights with respect to Plaintiffs' loans. However, like injunctive relief, declaratory relief is not a separate cause of action; rather, it is simply a remedy. *Batt v. City and County of San Francisco*, 155 Cal. App. 4th 65, 82 (Cal. Ct. App. 2007).

Additionally, because the other causes of action fail to state a claim, Plaintiffs have not demonstrated the requisite "substantial controversy" for declaratory judgment. *See Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941). Moreover, the claim is duplicative of the other claims in the FAC and therefore unnecessary. *See Amari v. Radio Spirits, Inc.*, 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002) ("All of the issues in the declaratory judgment claim will be resolved by the substantive action, so the declaratory judgment serves no useful purpose."). For these reasons, this cause of action fails as a matter of law, and the Court dismisses it ***with prejudice***.

**M.     HomEq's Motion to Dismiss**

Finally, because HomEq's motion to dismiss takes a slightly different approach, the Court addresses it separately. Rather than discussing each claim individually as the other Defendants do, HomEq makes an overall Rule 12(b)(6) argument that all claims should be dismissed because Plaintiffs fail to allege any specific wrongful conduct by HomEq.

As noted throughout this Order, the Court agrees that the FAC is impermissibly vague and merely lumps Defendants' names together without providing any specific factual allegations. Plaintiffs have failed to provide a short and plain statement indicating their entitlement to relief in accordance with Rule 8. The Court therefore GRANTS HomEq's motion to dismiss with leave to amend, except as to those claims dismissed with prejudice above.[4]

**IV.**

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss. The Court grants leave to amend all applicable claims except the fourth, twelfth, and thirteenth causes of action, which are dismissed with prejudice. Plaintiffs have thirty (30) days to submit an amended Complaint correcting the deficiencies noted herein. Failure to do so will result in the Court's dismissal of this case. **IT IS SO ORDERED.**

DATED:  November 28, 2011

---

[4] Having granted HomEq's motion on these grounds, the Court declines to address HomEq's arguments regarding venue at this stage in the proceedings.

Hon. Anthony J. Battaglia

U.S. District Judge